UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronnie Joe Skelton, | ) C/A No. 6:12-00617-JFA-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Narcotic Agents Owens; | ) |
| Agent May; | ) Report and Recommendation |
| Agent Woodall; | ) |
| The Greenville County Narcotics Division; | ) |
| The Greenville County Sheriff's Office, | ) |
| | ) |
| Defendants. | ) |

_____

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a detainee at the Greenville

County Detention Center alleging violations of 42 U.S.C. § 1983. Pursuant to the

provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the

undersigned is authorized to review such complaints for relief and submit findings and

recommendations to the District Judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

For the reasons that follow, the undersigned recommends the District Judge dismiss the

Complaint in this case without prejudice and without issuance and service of process.

<u>*Pro Se* and *In Forma Pauperis* Review</u>

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs

of proceeding with the lawsuit. To protect against possible abuses of this privilege, the

statute allows a district court to dismiss the case upon a finding that the action fails to state

a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C.

§ 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an

arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

## Background

The Complaint claims that "'a Governors Task Force on Ice' team operating out of Greenville, South Carolina planted or left a black leather note book . . . inside [Plaintiff's] home" from August 3, 2011, until August 12, 2011. *Id.* at 3. The notebook allegedly contained "highly volatile information pertaining to targets that were high level drug dealers," along with information about the family members of such individuals. *Id.* As Plaintiff was booked into the Greenville County Detention Center on August 3, 2011, Defendant Agent Owens indicated that the task force team needed to re-enter Plaintiff's

home "asap." *Id.* Plaintiff gave permission for such re-entry, but discovered, upon making bond two days later, that the task force "missed" the notebook "a second time." *Id.* Plaintiff states that he took photos of the content of the notebook, as evidence. *Id.* On August 12, 2011, Plaintiff claims that a "pugnacious thug" demanded that "'we' profit from the contents that the black book contained." *Id.* at 4. This individual was asked to leave Plaintiff's residence, but "unleashed" a "pernicious attack" and was killed in the bedroom of Plaintiff's home. *Id.* Homicide detectives apparently recovered the notebook during their investigation of the murder. *Id.* at 3. Plaintiff claims that it is "widely known thru out Greenvilles underworld that such a narcotic book was in fact left inside [his] home," causing Plaintiff to "fear every minute for my safety." *Id.* at 4. Plaintiff seeks monetary damages for "gross neglect" and for the Defendants' "unethical conduct, unprofessional actions." *Id.* at 5. Plaintiff also seeks transfer to another county and mental health counseling. *Id.*

Discussion

To state a claim under 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint alleges that the Defendants left a notebook containing sensitive information in Plaintiff's home. Liberally construed, the Complaint may be alleging a claim against the Defendants for deliberate indifference to Plaintiff's health and/or safety.

Deliberate indifference is a very high standard, which requires more than a showing of mere negligence. *See Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). Deliberate indifference also requires "more than ordinary lack of due care for the [plaintiff's] interests

3

or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). *See also Farmer v. Brennan*, 511 U.S. 825, 835-836 (1994). Based on these precedents, the issue is whether an inmate, who has suffered injury, has alleged that the government official "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). The instant Complaint speculates that the Defendants may have "planted" the notebook in Plaintiff's home. However, the pleading provides no facts to demonstrate that any of the Defendants intentionally left the notebook in Plaintiff's residence. Plaintiff's speculation or conjecture is insufficient to establish a deliberate indifference claim. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)("Specificity is necessary so that [government] officials are not required to file unnecessary responses to speculative allegations."). *See also Grayson v. Peed*, 195 F.3d 692, 695-696 (4th Cir. 1999)("the Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences.").

Instead, as Plaintiff alleges throughout the Complaint, the Defendants' actions, at best, constitute "gross neglect." ECF No. 1, pages 2, 3, 5. However, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986)(negligent failure to protect an inmate does not "deprive" him of liberty or violate the Constitution); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d at 793-794. Thus, merely negligent behavior on the part of a government official, in failing to protect a plaintiff from a risk of harm, does not present a Constitutional violation. *See Whitley v. Albers,* 475 U.S.

4

at 319 ("obduracy and wantonness, not inadvertence... characterize the conduct prohibited by the [Constitution]").  As such, Plaintiff's allegations fail to state a cognizable claim under § 1983.

Recommendation

Accordingly, it is recommended that the District Judge dismiss the Complaint in the above-captioned case *without prejudice*.

s/Jacquelyn D. Austin
Jacquelyn D. Austin
United States Magistrate Judge

March 8, 2012
Greenville, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).