UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronnie Joe Skelton, | ) | C/A No. 6:12-617-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Narcotic Agent Owens; Agent May; Agent Woodall; the Greenville County Narcotics Division; the Greenville County Sheriffs Office, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Ronnie Joe Skelton, brings this action pursuant to 42 U.S.C. § 1983. He is a pretrial detainee at the Greenville County Detention Center (GCDC). He contends that while the defendants were investigating a murder charge at the plaintiff's home, the defendants planted a leather notebook containing information pertaining to high level drug dealers. The plaintiff appears to allege that the defendants were deliberately indifferent to his health and safety. He seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the complaint should be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B). The Report sets forth in detail the relevant facts and standards of

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

law on this matter, and the court incorporates such without a recitation.

The plaintiff was notified of his right to file objections to the Report and Recommendation. The plaintiff filed timely objections to the Report.

The Magistrate Judge correctly opines that the defendants' actions, at best, constitute, as the plaintiff alleges, "gross neglect." The law is well settled that negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–336 & n.3 (1986). Therefore, plaintiff's allegations fail to state a cognizable claim under § 1983.

The court finds that plaintiff's objections are merely duplicative of the claims he made in his original complaint. As such, they are overruled.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, this action is summarily dismissed.

IT IS SO ORDERED.

September 18, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge